UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL V. LANE, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 1:14-cv-0007-TWP-TAB |
| ) | |
| DUSHAN ZATECKY, ) | |
| ) | |
| Respondent. ) | |

**Order to Habeas Petitioner to Show Cause
Why Action should not be Dismissed as Untimely**

**I.**

Petitioner Michael V. Lane ("Mr. Lane") shall have **through March 21, 2014**, in which to either pay the $5.00 filing fee for this action or demonstrate his financial inability to do so.

**II.**

Mr. Lane was convicted in 1987 in an Indiana state court of multiple counts of rape, criminal deviate conduct and kidnapping. Mr. Lane's direct appeal was resolved by the Indiana Court of Appeals, and his conviction became final in 1990. *See Robey v. State,* 555 N.E.2d 145 (Ind. 1990). The denial of Mr. Lane's petition for post-conviction relief was affirmed on appeal in 1998. Lane filed a motion to correct erroneous sentence in 2011. The denial of Mr. Lane's motion to correct erroneous sentence was affirmed in *Lane v. State*, 962 N.E.2d 160 (Ind.Ct.App. 2012). Mr. Lane now seeks a writ of habeas corpus through a petition filed with the clerk on January 7, 2014 (Dkt. 1).

As a preliminary matter, the Court must determine the timeliness of Mr. Lane's petition. In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. § 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief.

Mr. Lane's convictions became final, prior to April 23, 1996, the effective date of the AEDPA. A 1-year grace period applies to petitioners whose convictions were final prior to the effective date of the AEDPA. *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir. 1996) (en banc), *reversed on other grounds,* 521 U.S. 320 (1997). Subject to tolling provisions which may have been triggered by his action for post-conviction relief, Mr. Lane therefore had until April 24, 1997, to file his petition for a writ of habeas corpus.

District Courts are permitted to consider, *sua sponte,* the timeliness of a prisoner's habeas petition, but must afford the parties notice and an opportunity to be heard before acting on their own initiative to dismiss a petition as untimely. *See Day v. McDonough,* 547 U.S. 198 (2006); *U.S. v. Bendolph,* 409 F.3d 155 (3d Cir. 2005).

As explained herein, it appears that Lane's habeas petition was filed more than 16 years after the statute of limitations expired. Accordingly, Mr. Lane shall have **through March 21, 2014**, in which to show cause why his petition for writ of habeas corpus should not be summarily dismissed as untimely.

**IT IS SO ORDERED.**

Date: 03/05/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Michael Lane
No. 874279
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064